UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES A. WAKEFIELD,

               Petitioner,

vs.                             Case No. 3:13-cv-1496-J-39MCR

SECRETARY, DOC, et al.,

               Respondents.

_____

**ORDER**

**I.  STATUS**

Petitioner James A. Wakefield, an inmate of the Florida penal system, challenges a 2008 (Duval County) conviction for armed burglary and aggravated assault.  Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) at 1.  He also relies on a Memorandum of Law in Support of Petition for Writ of Habeas Corpus (Doc. 2).  He raises five grounds in the Petition.  The Court will address these grounds, see Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), but no evidentiary proceedings are required in this Court.

Respondents filed an Answer in Response to Order to Show Cause and Petition for Writ of Habeas Corpus (Response) (Doc. 20).  In support of their Response, they provide an Index to Exhibits to Response to Order to Show Cause (Exhibits) (Doc. 20).[1]  Petitioner

_____

[1] The Court hereinafter refers to the documents contained in the Appendix as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each

filed a Reply to Respondents' Response to Petition for Writ of Habeas Corpus (Doc. 24). See Order (Doc. 9).

## II.   STANDARD OF REVIEW

The Court will analyze the claims pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions." Harrington v. Richter, 562 U.S. 86, 98 (2011). The three exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts. Id. at 100. The Court will give a presumption of correctness of the state courts' factual findings unless rebutted with clear and convincing evidence, 28 U.S.C. § 2254(e)(1), and, the Court will apply this presumption to the factual determinations of both trial and appellate courts. See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

## III.   PROCEDURAL HISTORY

To provide historical context to Petitioner's grounds for habeas relief, the Court will provide a brief summary of the state

---

page of the Appendix. Otherwise, the page number on the particular document will be referenced. Also, the Court will reference the page numbers assigned by the electronic docketing system where applicable.

criminal case.   Petitioner was charged by a second amended information with armed burglary and aggravated assault.   Ex. A at 30-31.   Defense counsel filed a Motion to Suppress Physical Evidence.   Id. at 22-24.   The court conducted a hearing on the motion.   Id. at 111-51.   After the hearing, the court denied the motion.   Id. at 25.

A jury trial followed.   Ex. B; Ex. C.   The jury returned a verdict of guilty as to armed burglary, finding the defendant actually possessed and did not discharge a firearm during the commission of the offense.   Ex. A at 84-85; Ex. C at 380.   The jury also returned a verdict of guilty as to aggravated assault, finding that the defendant actually possessed and discharged a firearm during the commission of the offense.   Ex. A at 86; Ex. C at 380. Petitioner moved for a new trial, Ex. A at 87-88, and the trial court denied the motion.   Id. at 89.

On July 3, 2008, the trial court conducted its sentencing proceeding.   Ex. A at 173-89.   The court adjudicated Petitioner guilty and sentenced him to concurrent twenty-year prison terms with concurrent minimum mandatory terms of incarceration of twenty years.   Id. at 94-100.   The court entered judgment and sentence on July 3, 2008.   Id.

Thereafter, Petitioner appealed his conviction.   Id. at 107. He filed an appeal brief.   Ex. E.   The state answered.   Ex. F. Petitioner replied.   Ex. G.   The First District Court of Appeal, on

August 20, 2009, affirmed per curiam.  Ex. H.  The mandate issued on September 8, 2009.  Ex. I.

Although not included in the record provided to the Court, Petitioner filed a motion to correct sentencing error, the motion was granted, and on November 13, 2008, the court re-sentenced Petitioner on count one to a minimum mandatory sentence of ten years, to run concurrently with the sentence set forth in count two.  See Ex. N at 2.  On October 8, 2009, Petitioner filed a pro se Rule 3.800(c) motion, and the circuit court denied the motion. Ex. J; Ex. K.

On March 19, 2010, pursuant to the mailbox rule, Petitioner filed a Motion for Post Conviction Relief.  Ex. L at 1-71.  The state responded.  Id. at 89-232.  Petitioner replied.  Id. at 72-88.  The circuit court conducted an evidentiary hearing on grounds one, two and ten.  Id. at 270-364.  The court granted count one finding Petitioner was entitled to de novo resentencing, and denied the remaining grounds.  Id. at 365-69.  On August 10, 2012, the court entered a written Order Granting in Part and Denying in Part Defendant's Motion for Post-Conviction Relief memorializing its ruling.  Ex. N.

Although Petitioner was going to be resentenced, he apparently withdrew ground one on April 9, 2012.  Ex. M.  He appealed.  Ex. P. The state answered.  Ex. Q.  The First District Court of Appeal, on September 6, 2013, per curiam affirmed the circuit court's

- 4 -

decision.  Ex. R.  Petitioner moved for rehearing, Ex. S, and the First District Court of Appeal denied rehearing on October 18, 2013.  Ex. T.  The mandate issued on November 5, 2013.  Ex. U.

## IV.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.   Ground One

In his first ground, Petitioner claims trial court error, resulting in the deprivation of his constitutional rights under the Fourth Amendment.  Petition at 4.  Specifically, Petitioner claims that the trial court reversibly erred in denying his motion to suppress.  Id.  Petitioner concedes this ground.  Reply at 2-3. See Respondents' Response at 9-10.  Thus, Petitioner is not entitled to habeas relief on ground one.

### B.   Ground Two

In ground two, Petitioner raises a claim of ineffective assistance of trial counsel, complaining that counsel failed to request an instruction defining consensual entry as it pertains to the armed burglary of a dwelling count.  Petition at 5.  Petitioner exhausted this ground by raising it in his Rule 3.850 motion.  Ex. L at 14-16.  The trial court denied relief.  Ex. N at 4-7.  The First District Court of Appeal per curiam affirmed.  Ex. R.

The Court recognizes that in order to prevail on a Sixth Amendment claim, Petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's

- 5 -

representation fell below an objective standard of reasonableness)
and prejudice (there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding would
have been different).  Of significance, the circuit court denied
Petitioner's claim of ineffective assistance of counsel in a well
reasoned, written decision.  Also of note, the court, in its
opinion, referenced the applicable two-pronged standard as set
forth in <u>Strickland</u> as a preface to addressing Petitioner's
multiple claims of ineffective assistance of counsel.  Ex. N at 2-
3.  In this instance, the circuit court was not only well informed
of the applicable standard, it also recognized that all that is
constitutionally required is reasonably effective counsel, not
perfect or error-free counsel.  <u>Id</u>. at 3.

    With regard to all of the claims of ineffective assistance of
counsel raised in the post conviction motion, the circuit court
credited the testimony of Petitioner's trial counsel, finding her
testimony more credible and more persuasive than Petitioner's sworn
allegations in the motion.  <u>Id</u>. at 3.  The court went on to find
"that most of the trial decisions made by Ms. Hickson . . .
constituted sound trial strategy by a seasoned defense attorney."
<u>Id</u>. (citations omitted).

    In rendering its decision, the circuit court addressed the
specifics of this particular claim of ineffective assistance of
counsel and found counsel's failure to request the jury instruction
on the affirmative defense of consensual entry constituted

deficient performance, noting the issue of consensual entry was
argued during the trial, Petitioner testified that the victim gave
him permission to enter the residence, counsel referenced
consensual entry during opening and closing arguments, and counsel
failed to object to the armed burglary instruction given to the
jury that failed to reference the defense of consensual entry. Id.
at 5-6.

The court found that Petitioner met his burden with respect to
the performance prong of Strickland, but the court determined that
Petitioner failed to meet the prejudice prong. Ex. N at 6. The
court found harmless error that did not prejudice Petitioner. Id.

The court explained:

> Specifically, the record clearly demonstrates
> that the State presented overwhelming evidence
> of non-consensual entry and/or consent being
> withdrawn. Such evidence was re-presented by
> the prosecutor at the February 17, 2012
> evidentiary hearing, during which time this
> Court took judicial notice of the record. The
> evidence included: (1) text messages that bore
> on Defendant's intent upon entering the
> residence, (2) Defendant's trial testimony in
> which he admitted to entering the residence
> with a loaded firearm with the safety
> disengaged, (3) trial testimony of the
> victims, Arthur Zimmerly and Kira Yates, and
> of other witnesses who were present in the
> residence when Defendant entered, and who all
> testified that Defendant forcibly entered the
> residence and remained there despite being
> told to leave by several of the witnesses, and
> (4) photographs of the physical damage to the
> door, the doorframe, and the deadbolt lock.
> The prosecutor also emphasized the fact that
> Defendant was the only person who testified at
> trial that he had consent to enter Mr.
> Zimmerly's residence.

Id. at 6-7.

The record shows that Petitioner's counsel, in opening argument referenced that Petitioner asked to speak to Ms. Yates, and Mr. Zimmerly allowed Petitioner two minutes to go to the bedroom to speak with Ms. Yates.  Ex. B at 33.  Counsel referenced this purported conversation in closing as well.  Ex. C at 323.  In closing, she clearly stated that Petitioner was invited in before he entered the home.  Id. at 336.

The circuit court found:

> In addition, the jury was well aware of the issue of consent and showed no outward confusion on the issue.  Ms. Hickson testified at the evidentiary hearing that she argued consent to the jury during closing arguments, and that the State rebutted the same in its closing.  Thus, given the totality of the evidence against Defendant and the jury's obvious lack of confusion, it is not reasonably probably that the jury would have returned a not guilty verdict on the Armed Burglary count absent counsel's deficiency.  See Jones, 857 So.2d at 970; see also Murray, 443 So.2d at 956.  Accordingly, counsel's failure to request the jury instruction was at most harmless error and did not prejudice Defendant.  Therefore, Defendant's second ground for relief is denied.  See Strickland, 466 U.S. 687.

Ex. N at 7.  The factual determinations made by the court are entitled to AEDPA deference.  28 U.S.C. § 2254(e).  See Response at 13.

The court found that counsel's performance did not prejudice Petitioner.  Since there was no demonstration of prejudice, the court rejected Petitioner's claim for post conviction relief.  The

- 8 -

First District Court of Appeal affirmed. This decision is not inconsistent with Strickland.

Thus, in denying Petitioner's post-conviction motion, the trial court concluded that defense counsel was ineffective, but Petitioner did not show prejudice (a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). The First District Court of Appeal affirmed the trial court's decision. Deference under AEDPA should be given to the state court's decision. Here, the state court's decision is not inconsistent with Supreme Court precedent, including Strickland and its progeny. The state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. Alternatively, Petitioner is not entitled to habeas relief on this ground because he has not shown the requisite prejudice to meet the Strickland standard.

## C. Ground Three

In his third ground, Petitioner claims he received the ineffective assistance of counsel in violation of the Sixth Amendment based on counsel's failure to object to the state's presentation of multiple theories of aggravated assault in the information and evidence, producing a less than unanimous verdict without a specific jury instruction. Petition at 7. As noted by Petitioner in his Reply, there were two instances of aggravated

assault with the firearm, one in which the firearm discharged, and one in which the firearm did not discharge.   Reply at 8.

In the second amended information, Petitioner was charged with aggravated assault with a deadly weapon, a firearm, that he did discharge.   Ex. A at 30.   In its charge, the court instructed the jury that there were four things the state must prove beyond a reasonable doubt: (1) Petitioner intentionally and unlawfully threatened either by word or by act to do violence to Mr. Zimmerly; (2) at the time, Petitioner appeared to have the ability to carry out that threat; (3) the act of Petitioner created in the mind of Mr. Zimmerly a well-founded fear that violence was about to take place; and (4) the assault was made with a deadly weapon.[2]   Ex. C a 355-56.   The court defined a deadly weapon for the jury as a weapon used or threatened to be used in some manner likely to cause death or to produce death or great bodily harm.   Id. at 356.

The verdict form on aggravated assault given to the jury provided the following options:   (1) the defendant actually possessed and discharged a firearm during the commission of the offense; or (2) the defendant actually possessed and did not discharge a firearm during the commission of the offense;[3] or (3)

_____

[2] Of import, based on the record before the Court, the testimony was that Petitioner possessed a firearm.   The court provided a definition for a firearm.   Ex. C at 354.   There was no testimony presented that Petitioner possessed any other type of weapon.

[3] The verdict form also included the options of finding the defendant not guilty or guilty of the lesser included offense of

the defendant did not possess a firearm during the commission of the offense. Ex. A at 86. The jury returned the verdict finding Petitioner guilty of aggravated assault, with the specific finding that Petitioner possessed and discharged a firearm during the commission of the offense. Based on this verdict, the jury unanimously decided Petitioner committed the aggravated assault and possessed and discharged the firearm during the incident.

As the circuit court explained:

> Under Ground Four, Defendant asserts that his counsel was ineffective for failing to request a special jury instruction requiring the jury to unanimously find at least one of the two factual instances pertaining to the singular charge of Aggravated Assault. Defendant urges that the lack of such instruction violated the unanimous verdict requirement because the State argued and presented evidence of two separate acts of conduct as proof of the single count of Aggravated Assault.

Ex. N at 8-9 (citations omitted).

The court found that there was no need for a special jury instruction because the verdict form "was sufficient to guarantee a unanimous verdict." Id. at 9. The court concluded: "it was unnecessary for defense counsel to request the proposed special jury instruction because the subfindings on the verdict form implicitly require the jury to choose between the two factual incidents suggested by Defendant." Id. at 10 (footnote omitted). The court found counsel's performance under these circumstances to

---

assault. Ex. A at 86.

- 11 -

be effective, and further found that Petitioner was not prejudiced.
Id.

Petitioner has failed to advance a persuasive argument that
counsel's failure to object to the references to multiple theories
of aggravated assault and to request a special jury instruction was
unreasonable or that counsel's performance can be construed as
conduct outside the wide range of professional representation.
Further, Petitioner has not shown prejudice because he has not
established that, if counsel had objected and requested a special
instruction, there is a reasonable probability that the outcome of
the proceedings would have been different.  On the contrary, based
on the circuit court's decision related above, the verdict form
required the jury to decide whether a firearm was possessed and
discharged.

In conclusion, Petitioner has not shown that a reasonable
probability exists that the outcome of the proceeding would have
been different if his lawyer had given the assistance that
Petitioner has alleged should have been provided.  Accordingly,
Petitioner's ineffectiveness claim is without merit since he has
neither shown deficient performance nor resulting prejudice.  Upon
review, there was no unreasonable application of clearly
established law in the state court's decision to reject the
Strickland ineffectiveness claim.  The decision was not contrary to
clearly established federal law and was not based on an

unreasonable determination of the facts.  Petitioner is not
entitled to habeas relief on ground three.

### D.  Ground Four

In his fourth ground, Petitioner claims his counsel was
ineffective for failure to object to the state's improper cross
examination of Petitioner when the state asked Petitioner to
testify as to the veracity of the state's witnesses.  Petition at
8.  Although there were instances of improper questioning, trial
counsel, Mary Hickson, testified at the state post conviction
evidentiary hearing that she chose not to object as trial strategy.
She explained:

> I felt at the time it was excessive or
> improper for Darin [the prosecutor] to ask him
> those questions, but to me it appeared that
> Darin is the one that looked kind of -- I
> liked the way he questioned Mr. Wakefield at
> that point because it was good for our defense
> the way he questioned him for our argument.
> It did not appear to be harmful to Mr.
> Wakefield, although it was commenting on the
> credibility -- him asking based on
> credibility.  At that point I just let it go
> because I felt that Darin is the one -- Mr.
> Gardner was the state attorney who was cross-
> examining Mr. Wakefield.

Ex. L at 295.  As such, Ms. Hickson believed the prosecutor's
aggressive and sometimes improper line of questioning of her client
generated sympathy for her client with the jury.  Id. at 296.  Ms.
Hickson testified that she decided that, if anything, the
prosecutor's cross examination of her client actually had the
impact of generating favor for her client; therefore, she elected

not to object.  <u>Id</u>. at 297.  The circuit court credited her testimony and denied this ground for post conviction relief.

Applying the highly deferential scrutiny to Ms. Hickson's strategic decisions, as required by <u>Strickland</u>, the Court concludes that Petitioner has failed to show that counsel's representation fell below an objective standard of reasonableness and that there was a reasonable probability that the results of the proceeding would have been different but for these strategic decisions.

Alternatively, the circuit court provided a detailed explanation for its decision to deny post conviction relief:

> Under Ground Ten, Defendant argues counsel was ineffective for failing to object and move for a mistrial on the grounds of improper and prejudicial cross examination of Defendant.  Specifically, Defendant objects to questions regarding (1) whether Defendant "expect[ed] this jury to believe" his testimony, (2) whether Defendant thought expert witness David Warniment was "wrong or mistaken," (3) whether Defendant thought eyewitness Kira Yates "was mistaken," "basically perjured herself," and had "enter[ed] into some type of conspiracy to convict [Defendant] in this case by providing . . . false information," and (4) whether "[t]he police [were] probably just in on this conspiracy."

Ex. N at 19.

The court noted that it is improper for the prosecutor to ask a witness to comment on the credibility of another witness.  <u>Id</u>.  The court stated that a prosecutor may refer to a witness as a liar if the evidence supports the claim.  <u>Id</u>. at 20.  The court found credibility of the witnesses was central to the triable issues, and

it was proper to inquire as to whether witnesses were "wrong or mistaken." Id. The court concluded counsel was not deficient for failing to object to the cross examination. Id. at 20-21.

The court said that if counsel's performance was deficient in this regard, "error was harmless in light of the totality of the evidence[.]" Id. at 21. Moreover, the court found there was no reasonable probability that the outcome of the proceeding would have been different but for counsel's deficient performance. Id.

The court also found that counsel elected not to object to some questions about whether a witness perjured herself or whether Petitioner believed the police were conspiring against him, as part of her trial strategy, and this decision constituted "proper trial strategy." Id. at 21. The court found counsel's performance was not deficient with respect to this line of questioning. Id. at 22.

Finally, the court determined that any error in failing to object was harmless. Id. at 22. In making its finding that Petitioner failed to demonstrate prejudice, the court pointed to the overwhelming evidence of Petitioner's guilt, including the photographs admitted at trial showing the physical damage to the front door, the text messages admitted at trial showing Petitioner's intent immediately prior to his entering the residence, and the testimony of numerous eyewitnesses, all contrary to Petitioner's testimony. Id. As a result, the court concluded that even assuming counsel performed deficiently in failing to object to improper questions on cross examination, any error was

- 15 -

harmless and did not rise to the level of ineffectiveness pursuant to Strickland.  Id. at 22.

With regard to this claim of ineffective assistance of counsel, AEDPA deference should be given to the state court's decision.  Assuming arguendo Petitioner has shown deficient performance with regard to counsel's failure to object to some of the prosecutor's questions on cross examination, Petitioner has failed to satisfy the prejudice prong of Strickland.[4]  The state court's ruling is well-supported by the record and by controlling case law, Strickland and its progeny.  Petitioner raised the issue in his post conviction motion, the trial court denied the motion, and the appellate court affirmed.  The Court concludes that the state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts.

## E.   Ground Five

In his fifth and final ground, Petitioner contends that his trial counsel was ineffective for failing to object to the prosecutor's improper closing argument, and for failing to move for a mistrial.  Petition at 10.  Petitioner asserts that the closing

---

[4] Petitioner has failed to satisfy the second prong of the two-pronged test set forth in Strickland.  "Once a court decides that the prejudice prong has not been met, it need not decide whether the performance prong has been satisfied.  See Duren v. Hopper, 161 F.3d 655, 660 (11th Cir.1998)."  Matos v. Sec'y, Fla. Dep't of Corr., 603 F. App'x 763, 767 (11th Cir. 2015) (per curiam).

argument alleged uncharged offenses and inflamed the jury.   Id.
Petitioner focuses on a few instances during closing to support his
claim.   The first is:

> Now even if you don't want to consider
> those text messages that came before, even if
> you think, you know, those text messages
> before maybe he was just looking to confront
> her and maybe that's not proof of intent to
> commit an offense inside, well, then let's
> take a look at the offenses he actually did
> commit once he stood inside.
>
> The first one, instigating a fight, get
> your ass outside, that's assault threatening a
> battery.   Shoving Art against the wall,
> battery.   Screaming and swearing at Kira,
> assault.   If you say one more word I'll
> backhand the shit out of you, assault.
>
> Pistol-whipping -- well, not pistol-
> whipping -- backhanding Art, battery.
> Backhanding Art again, battery. Fighting with
> Art, pointing a gun at his head and firing,
> aggravated assault.  Struggling with Zack Coon
> over the gun, squeezing down on the trigger
> while Zack is trying to prevent it from
> happening, aggravated assault, battery.
>
> Pointing the gun at Art's head, again
> aggravated assault.   Pistol-whipping Art,
> battery.   When it comes to having intent to
> commit a crime once inside pick your poison
> because I've just counted off at least a dozen
> for you.
>
> And to believe that this defendant did
> not have a single intent to commit any single
> one of those one dozen crimes before he
> stepped inside, well, that just doesn't make
> sense.   It's not reasonable.
>
> In order to find this defendant not
> guilty of armed burglary you have got to
> believe that he did not intend to commit any
> single one of those offenses when he came
> inside.

- 17 -

Ex. C at 312-13.

The second portion of the closing argument at issue is: "[Petitioner] takes this gun, reaches from his waistband, pulls it up, crosses over and aims right where Art's head is and fires.  Art knocks the arm away in the nick of time, and every single one of those witnesses told you it was like this every single time."  Id. at 307.  The final portion of the closing argument at issue is: "[a]ll of them testified to that.  All of them agreed and all of them also agreed when that gun went off only this defendant had control and only this defendant fired it."  Id. at 318.

With regard to the first portion of the closing argument at issue, Petitioner complains that it invited a less than unanimous verdict by referencing numerous offenses to support the intent to commit a crime underlying the burglary.  Petition at 11.  With respect to the remaining portions of the closing argument at issue, Petitioner complains that there was no objection to improper remarks, allowing the remarks to go uncontested before the jury. Id.  Finally, Petitioner asserts that the prosecutor's improper comments contributed to the jury's verdict.  Id.

Respondents, in their Response, reference Florida law, which provides for wide latitude during closing argument and allows for comment on the evidence and some contention as to the conclusions that should be drawn from the evidence.  Response at 23.  They rebut Petitioner's argument and contend that, in order to constitute a fundamentally unfair proceeding, the remarks must have

made the difference in the jury's decision, referencing <u>Tucker v.</u>
<u>Kemp</u>, 802 F.2d 1293, 1296 (11th Cir. 1986) (en banc) ("whether the
improper remarks were of sufficient magnitude to undermine
confidence in the jury's decision"), <u>cert</u>. <u>denied</u>, 480 U.S. 911
(1987).

Petitioner raised this claim in his post conviction attack of
his conviction as ground eleven of his Rule 3.850 motion.  After
setting forth the <u>Strickland</u> standard of review, the trial court
addressed this claim.  In doing so, the court addressed the purpose
of closing argument:

> Initially, this Court notes that "the
> proper exercise of closing argument is to
> review the evidence and to explicate those
> inferences which may reasonably be drawn from
> the evidence." <u>Gonzalez v. State</u>, 990 So.2d
> 1017, 1028-29 (Fla. 2008) (citing <u>Bertolotti</u>
> <u>v. State</u>, 476 So.2d 130 (Fla. 1985)).
> Accordingly, attorneys are allowed a wide
> latitude to argue to the jury during closing
> argument. <u>Breedlove v. State</u>, 413 So.2d 1, 8
> (Fla. 1982).  Attorneys may also draw logical
> inferences and advance legitimate arguments in
> their closing statements.  <u>Thomas v. State</u>,
> 748 So.2d 970, 984 (Fla. 1984).  Therefore,
> when a defendant claims that a prosecutor has
> made an improper comment during closing
> argument such that a new trial is required,
> the defendant must show that,
>
> > the comments must either deprive the
> > defendant of a fair and impartial
> > trial, materially contribute to the
> > conviction, be so harmful or
> > fundamentally tainted as to require
> > a new trial, or be so inflammatory
> > that they might have influenced the
> > jury to reach a more severe verdict
> > than it would have otherwise.

Walls v. State, 926 So.2d 1156, 1167 (Fla. 2006) (citing Spencer v. State, 645 So.2d 377, 383 (Fla. 1994)).  If a defendant fails to make such a showing, he will be "unable to demonstrate the prejudice requisite for a successful ineffective assistance of counsel claim." Hodges v. State, 885 So.2d 378, 356 (Fla. 2004).  In fact, a "failure to object to improper prosecutorial argument rarely amounts to ineffective assistance of counsel, and surely not . . . where the errors, if any, were not substantial in nature." Lara v. State, 528 So.2d 984, 985 (Fla. 3d DCA 1988) (citations omitted).  Similarly, a failure to object to proper closing arguments does not constitute ineffective assistance. See Rogers v. State, 957 So.2d 538, 548 (Fla. 2007) ("Because none of the closing argument were improper, counsel cannot be deemed ineffective in failing to object to them.") (citing Mungin v. State, 932 So.2d 986, 997 (Fla. 2006) (holding that defense counsel was not ineffective for failing to object because none of the comments were improper)).

Ex. N at 22-23.

With respect to the question of the prosecutor misleading the jury with regard to the law, the court agreed in part that some of the prosecutor's characterizations of "crimes" were incorrect.  In particular, the statement "get your ass outside" did not amount to assault threatening a battery, and screaming and swearing at one of the victims did not amount to an assault. Id. at 24.  The court, however, found that the remaining statements accurately categorized crimes such as threatening to strike someone constitutes an assault, and wrestling with someone over a gun is a battery and may constitute aggravated assault under the particular circumstances described by the witnesses. Id. at 25.

- 20 -

More importantly, the court found that even with the inaccuracies in the prosecutor's statement of the law, the inaccuracies did not "mislead the jury." Id. On the contrary, the court found that "the jury was presented with sufficient evidence with which to find that Defendant had the intent to commit an offense inside the dwelling." Id. at 25-26. The court noted that the prosecutor, in closing argument, correctly listed various crimes Petitioner committed while inside the residence in closing argument. Id. at 26. In addition, the court pointed out that the jury found Petitioner guilty of aggravated assault while discharging a weapon. Id. The court concluded that the statements by the prosecutor did not mislead the jury and counsel was not ineffective for failing to object to the comments. Id. These minor incorrect statements of the law did not vitiate the entire trial, and counsel's failure to object to these statements amounted to, if any error, harmless error.

With regard to the second and third alleged instances of improper closing argument, the court addressed whether the prosecutor made misstatements of the facts. Id. at 28. The court noted that Petitioner asserted that only Art Zimmerly and Zack Coon were consistent in claiming that Petitioner had control of the gun and purposely fired it, and that the other two witnesses, Kira Yates and Megan Zimmerly were unsure of who had control of the gun or were unaware of the gun. Id. at 28.

The court found otherwise, relying on the record before it:

- 21 -

Art Zimmerly testified that only Defendant's hands were on the gun when it went off and that Defendant purposefully pointed it at Mr. Zimmerly and pulled the trigger. (Ex. "F" at 55-56.) Zack Coon testified that Defendant took the gun, attempted to bring it over his left shoulder, and squeezed down on the trigger in the direction of Mr. Zimmerly's head. (Ex. "F" at 159-60.) Megan Zimmerly testified that she saw Defendant pull out the gun from his waistband, cross it over his body and aim it at Mr. Zimmerly's head "right before he fired it." (Ex. "F" at 237, 239, 241.) Kira Yates testified that, although she did not see the gun before it went off, immediately afterwards she saw "[Defendant's] hand . . . out holding the gun and [Zack] Coon's hand . . . over his hand holding the other side of the gun pointing it outward . . . towards the wall." (Ex. "F" at 104, 106-07, 150-51.) Ms. Yates further testified that Mr. Coon and Mr. Zimmerly immediately backed off when the gun discharged. (Ex. "F" at 106-07.) And Ms. Yates stated that, she wrote in her statement to the police that she saw Defendant pull his gun and try to shoot Art Zimmerly because that is what she assumed happened based on everything else that she observed. (Ex. "F" at 150.) Based on these witness testimonies, it seems the prosecutor was not misstating the facts, but simply advancing a logical and legitimate argument concerning how the gun discharged and who had control of it at the time. Thus, the prosecutor's comments were not improper and defense counsel was not ineffective for failing to object. <u>See Thomas</u>, 748 So.2d at 984.

Ex. N at 28-29. Not only did the circuit court reject Petitioner's claim of ineffectiveness, the First District Court of Appeal affirmed.

The failure to object to this argument was not deficient performance. Furthermore, Petitioner demonstrates no prejudice

- 22 -

from the claimed deficient performance.   A fair reading of the prosecutor's argument demonstrates that he was broadly recounting the evidence that had been presented by the state's witnesses and making a legitimate argument, based on the testimony presented at trial, concerning who controlled the gun when it discharged.

This Court in <u>Dailey v. Sec'y, Fla. Dep't of Corr.</u>, 8:07-CV-1897-T-27MAP, 2012 WL 1069224, at *6 (M.D. Fla. Mar. 29, 2012) imparted that,

> Under Florida law, trial counsel is permitted wide latitude in arguing to a jury. <u>Breedlove v. State</u>, 413 So.2d 1 (Fla. 1982). Federal law likewise permits wide latitude in this regard. To prevail under federal law, a petitioner must show that the comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. <u>Darden v. Wainwright</u>, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). <u>See also</u> <u>Cargill v. Turpin</u>, 120 F.3d 1366 (11th Cir. 1997) (improper remarks will compel habeas corpus relief only if they are so egregious as to render the proceedings fundamentally unfair). Upon consideration, it can be reasonably concluded that none of the comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. <u>See</u> <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 642, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); <u>Cargill v. Turpin</u>, 120 F.3d 1366, 1379 (11th Cir. 1997) (if reviewing court is confident that, absent improper prosecutorial remarks, the jury's decision would have been no different, proceeding cannot be said to have been fundamentally unfair, and habeas relief is not warranted). In light of the evidence which established his guilt of the crime for which Petitioner was found guilty, any claimed constitutional error in the prosecutor's remarks had no substantial and injurious effect or influence in determining the jury's verdict. <u>Brecht v. Abrahamson</u>, 507

U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Again, the evidence in this case was overwhelmingly against Petitioner.  Both the physical evidence and the bulk of the testimonial evidence were against him.  His testimony alone supported his version of the events.  Under these circumstances, Petitioner will not prevail on his claim of ineffective assistance of counsel.  He has failed to show deficient performance or prejudice.  Indeed, he has failed to demonstrate that his counsel's performance was so deficient in this regard that it deprived Petitioner of a fair trial and a reliable result.  Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998), cert. denied, 527 U.S. 1025 (1999).  Therefore, Petitioner has failed to satisfy both prongs of the Stickland test.  As such, Petitioner has not met his burden of showing that the state court's resolution of this claim was an unreasonable application of controlling Supreme Court precedent.  Thus, ground five is due to be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.   The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.  If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[5]  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of April, 2016.

BRIAN J. DAVIS
United States District Judge

sa 4/5
c:
James A. Wakefield
Counsel of Record

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.

- 25 -